No. 16–0741/AR. U.S. v. Nicholas A. Piszcz. CCA 20140842. On further consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that the Order of January 13, 2017, denying the petition for grant of review is hereby vacated, and that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 17–0084/AR. U.S. v. James N. Costigan. CCA 20150052. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER, IN A COURT–MARTIAL TRIED BY MILITARY JUDGE ALONE, THE MILITARY JUDGE ABUSED HIS DISCRETION BY GRANTING THE GOVERNMENT'S MOTION TO USE THE CHARGED SEXUAL MISCONDUCT FOR MILITARY RULE OF EVIDENCE 414 PURPOSES TO PROVE PROPENSITY TO COMMIT THE CHARGED SEXUAL MISCONDUCT.

II. WHETHER JUDGE PAULETTE V. BURTON AND JUDGE LARSS G. CELTNIEKS, JUDGES ON THE COURT OF MILITARY COMMISSION REVIEW, WERE STATUTORILY AUTHORIZED TO SIT ON THE ARMY COURT OF CRIMINAL APPEALS, AND EVEN IF THEY WERE STATUTORILY AUTHORIZED TO BE ASSIGNED TO THE ARMY COURT OF CRIMINAL APPEALS, WHETHER THEIR SERVICE ON BOTH COURTS VIOLATED THE APPOINTMENTS CLAUSE GIVEN THEIR NEWLY ATTAINED STATUS AS A SUPERIOR OFFICER.

Briefs will be filed under Rule 25 on Issue I only.